UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

JUSTIN DEMETRIUS DAVIS,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 1:24-cv-458

Honorable Paul L. Maloney

## OPINION AND ORDER

Currently pending before the Court is Defendant-Movant Justin Demetrius Davis ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be denied.

**I.    Background**

On September 14, 2021, a grand jury returned an Indictment charging Defendant with: (1) one count of distribution of controlled substances resulting in death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (2) one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Indictment, *United States v. Davis*, No. 1:21-cr-165 (W.D. Mich.) (ECF No. 1). After his arrest, Defendant retained attorney Donald Sappanos to represent him.

Ultimately, Defendant entered into a plea agreement in which he agreed to plead guilty to a Superseding Information charging him with distribution of controlled substances (fentanyl and methamphetamine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Superseding Information & Plea Agreement, *id.* (ECF Nos. 76, 78). The plea agreement set forth that Defendant

faced a maximum term of imprisonment of 20 years. *See* Plea Agreement, *id.* (ECF No. 78, PageID.414). The plea agreement indicated that the parties agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, "that an appropriate sentence for this case is no less than 60 months and no greater than 240 months." *Id.* Defendant understood that if the Court accepted the plea agreement and sentenced him within the agreed-upon range, Defendant could not withdraw his guilty plea. *Id.*

The plea agreement set forth that the parties agreed that United States Sentencing Guidelines (USSG) § 5K2.1 applied because Defendant distributed fentanyl and methamphetamine that were the "but-for" causes of J.N.'s death. *Id.* (ECF No. 78, PageID.417). Accordingly, the Court could increase the sentence above the otherwise applicable Guidelines range. *Id.*

The plea agreement set forth that Defendant was waiving "all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution," except with respect to certain claims. *Id.* (ECF No. 78, PageID.420). Specifically, Defendant could appeal or seek collateral relief with respect to the following grounds: (1) his sentence exceeded the statutory maximum; (2) his sentence was based upon an unconstitutional factor; (3) his guilty plea was involuntarily or unknowing; and (4) counsel rendered ineffective assistance. *Id.*

Defendant signed the plea agreement under the following paragraph:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement and any written addenda. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*Id.* (ECF No. 78, PageID.423). Defendant's counsel signed the plea agreement under the following paragraph:

> I am Justin Demetrius Davis's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*Id.* The parties appeared before the undersigned for Defendant's arraignment on the Superseding Information and his change of plea on January 4, 2023.

Prior to sentencing, a Probation Officer prepared Defendant's Presentence Investigation Report (PSR). *See* PSR, *id.* (ECF No. 86). The Probation Officer noted that Defendant's Guidelines called for 6 to 12 months' incarceration. *See id.* (ECF No. 86, PageID.468). The Probation Officer recommended a sentence of 168 months, noting that an upward departure pursuant to USSG § 5K2.1 was recommended because Defendant's conduct resulted in J.N.'s death. *Id.* The Probation Officer also recommended an upward variance pursuant to 18 U.S.C. § 3553(a)(6) to "avoid unwarranted sentencing disparities among similarly situated defendants." *Id.*

On April 20, 2023, the Court docketed a notice of its intent to depart upward from the Guidelines range and directed the parties to prepare to "argue and possibly present evidence in support of and in opposition to the departure." *See* Notice, *id.* (ECF No. 469). The parties appeared before the Court for Defendant's sentencing on May 1, 2023. The court sentenced Defendant to 168 months' incarceration, to be followed by 3 years of supervised release. *See* J., *id.* (ECF No. 91). Defendant did not appeal his conviction and sentence.

Defendant filed an unsigned § 2255 motion (ECF No. 1) on May 2, 2024. In an order (ECF No. 3) entered on May 3, 2024, the Court noted that Defendant's § 2255 motion would be stricken unless Defendant submitted a signature page within 21 days. The Court received Defendant's signature page (ECF No. 4) on May 23, 2024. In an order (ECF No. 5) entered on May 30, 2024,

the Court directed the government to file a response to the motion. The government filed its response (ECF No. 7) on June 4, 2024, and Defendant filed his reply (ECF No. 8) on July 11, 2024.

## II. Analysis

### A. Legal Standards

#### 1. Merits

A prisoner may move to vacate his sentence under 28 U.S.C. § 2255 if he can demonstrate that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it "is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, "Section 2255 does not provide relief for just any alleged error." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)).

#### 2. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record,

5

inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

    **B.**    **Discussion**

Defendant raises the following grounds for relief in his § 2255 motion:

> I.    Due Process Violation (Sentencing of Cross Reference Murder). The fundamental aspect[] of the Ground One is based on the fact[] that the Court erred in the sentencing phase[] of the proceedings. The Court upon the use of cross reference murder grouping was in violation of the criteria[] set out within the United States Sentencing Guidelines.
>
> II.    Safety Valve. The Ground Two of the Petitioner Davis['s] brief filed on his behalf is presented within the light o[f] the current law. The United States Sentencing Guidelines Commission has implemented and made retroactive the safety provision section of the guidelines where the Petitioner can now have four total offense[s] in reference to prior offenses.

(§ 2255 Mot., ECF No. 1, PageID.1.) The government contends that Defendant has waived these claims and that they are meritless. (ECF No. 7, PageID.14.)

    **1.**    **Defendant Waived His Grounds for Relief**

As set forth above, the plea agreement that Defendant signed indicated that the parties agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, "that an appropriate sentence for this case is no less than 60 months and no greater than 240 months." *See* Plea Agreement, *United States v. Davis*, No. 1:21-cr-165 (W.D. Mich.) (ECF No. 78, PageID.414). Defendant understood that if the Court accepted the plea agreement and sentenced him within the agreed-upon range, Defendant could not withdraw his guilty plea. *Id.* The plea agreement also stated that the parties agreed that USSG § 5K2.1 applied because Defendant distributed fentanyl and methamphetamine that were the "but-for" causes of J.N.'s death. *Id.*, (ECF No. 78, PageID.417). Accordingly, the Court could increase the sentence above the otherwise applicable Guidelines range. *Id.*

6

Notably, by signing the plea agreement, Defendant waived "all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution," except with respect to certain claims. *Id.* (ECF No. 78, PageID.420). Specifically, Defendant could appeal or seek collateral relief with respect to the following grounds: (1) his sentence exceeded the statutory maximum; (2) his sentence was based upon an unconstitutional factor; (3) his guilty plea was involuntarily or unknowing; and (4) counsel rendered ineffective assistance. *Id.*

Defendant's grounds for relief do not fall within the four exceptions set forth above. "If a defendant waives his right to appeal pursuant to a plea agreement, th[e] [C]ourt is bound by the agreement, and will review a sentence only in limited circumstances, such as where the sentence is based on racial discrimination or is in excess of the statutory maximum." *United States v. Ferguson*, 669 F.3d 756, 764 (6th Cir. 2012). Here, Defendant has provided no argument suggesting that his guilty plea was unknowingly or invalidly entered. Accordingly, Defendant fails to demonstrate that the waiver of his appellate and collateral attack rights, subject to the exceptions set forth above, was deficient and should not be enforced.

In sum, Defendant waived his right to bring the two grounds for relief he now asserts in his § 2255 motion. For that reason alone, his § 2255 motion will be denied. The Court, however, will proceed to address the merits of his grounds below.

### 2. Murder Cross-Reference

In his first ground for relief, Defendant argues that the Court erred by applying the "cross-reference murder" grouping under USSG § 2K2.1. (§ 2255 Mot., ECF No. 1, PageID.1–2.) Defendant essentially suggests that the Court erred in increasing his sentence based upon J.N.'s death because the Indictment charging him with distribution of controlled substances resulting in death was dismissed as a result of his plea to the Superseding Information. (*Id.*, PageID.2.)

USSG § 5K2.1 states:

If death resulted, the court may increase the sentence above the authorized guideline range.

Loss of life does not automatically suggest a sentence at or near the statutory maximum. The sentencing judge must give consideration to matters that would normally distinguish among levels of homicide, such as the defendant's state of mind and the degree of planning or preparation. Other appropriate factors are whether multiple deaths resulted, and the means by which life was taken. The extent of the increase should depend on the dangerousness of the defendant's conduct, the extent to which death or serious injury was intended or knowingly risked, and the extent to which the offense level for the offense of conviction, as determined by the other Chapter Two guidelines, already reflects the risk of personal injury. For example, a substantial increase may be appropriate if the death was intended or knowingly risked or if the underlying offense was one for which base offense levels do not reflect an allowance for the risk of personal injury, such as fraud.

USSG § 5K2.1.

In exchange for Defendant's guilty plea to the Superseding Information, the government agreed "to move to dismiss the underlying Indictment against Defendant at the time of sentencing." *See* Plea Agreement, *United States v. Davis*, No. 1:21-cr-165 (W.D. Mich.) (ECF No. 78, PageID.416). However, as set forth in the plea agreement,

Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the proprietary of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

*Id.* The parties also agreed to the following stipulation:

Defendant and the U.S. Attorney's Office agree and stipulate that U.S.S.G. § 5K2.1 applies because the fentanyl and methamphetamine that Defendant distributed to J.N. was the but-for cause of J.N.'s death. Because death resulted from his crime, the Court may increase the sentence above the otherwise-applicable Guideline range associated with the charge in the Superseding Indictment, pursuant to U.S.S.G. § 5K2.1 Defendant further acknowledges that conviction on the distribution causing death charge in Count 1 of the Indictment would carry a

8

      mandatory minimum 20-year term of imprisonment and would yield a base offense
      level of 38 pursuant to U.S.S.G. § 2D.1.1(a)(2).

*Id.* (ECF No. 78, PageID.417–18).

      Contrary to Defendant's argument, there is no cross-reference contained in § 5K2.1 that the Court applied at sentencing. Rather, the Court sentenced Defendant to 168 months pursuant to the parties' stipulation that Defendant's sentence could be increased above the otherwise-applicable Guidelines range pursuant to § 5K2.1. During Defendant's sentencing, the government introduced a transcript of Defendant's interview with law enforcement, during which Defendant acknowledged that he knew that he had given J.N. fentanyl and that fentanyl was potentially lethal. *See* Exhibit, *id.* (ECF No. 94, PageID.494). In light of that information, the Court sentenced Defendant pursuant to the Guidelines range that would have applied under USSG § 2D1.1(a)(2).

      Defendant now suggests that the Court should not have applied § 5K2.1 because the original Indictment, which charged Defendant with distribution of controlled substances resulting in death, was dismissed. (§ 2255 Mot., ECF No. 1, PageID.2.) In his reply, Defendant equates the Court's consideration of J.N.'s death to a consideration of acquitted conduct, and argues that acquitted conduct should not be considered for purposes of sentencing. (ECF No. 8, PageID.25.)

      Defendant, however, is mistaken in his belief. Although the original Indictment returned against Defendant was dismissed, that dismissal does not equate to a conclusion that Defendant was acquitted of the conduct charged therein. Instead, the original Indictment was dismissed in exchange for Defendant's guilty plea to the Superseding Information. In any event, when "determining relevant conduct, a court may consider a broad range of information, including uncharged crimes, crimes where charges have been dismissed, and crimes for which the defendant has been acquitted." *United States v. Rios*, 830 F.3d 403, 440 (6th Cir. 2016) (quoting *United*

9

*States v. Redmond*, 667 F.3d 863, 875 (7th Cir. 2012)).[1] Thus, even without Defendant's stipulation that the Court could apply § 5K2.1 to increase his sentence, the Court would have been within its discretion to consider the dismissed charges from the original Indictment.

In sum, Defendant fails to demonstrate that the Court erred by choosing to increase his sentence by applying § 5K2.1 to account for J.N.'s death. Defendant, therefore, is not entitled to relief with respect to ground I.

### 3. Safety Valve

In his second ground for relief, Defendant contends that recent amendments by the Sentencing Guidelines Commission "made available the sentencing reduction of the safety valve and with such warrants this [C]ourt to review and consider applicability of the current amendments." (§ 2255 Mot., ECF No. 1, PageID.3.)

"There are two relevant safety-valve provisions: the statutory safety-valve provision under 18 U.S.C. § 3553(f), and the Guidelines safety-valve provision under U.S.S.G. §§ 5C1.2(a) and 2D1.1(b)(18)." *United States v. Shaw*, No. 23-5896, 2024 WL 3623526, at *1 (6th Cir. Aug. 1, 2024). Under Section 3553(f), a court may "impose a sentence pursuant to [the Sentencing] [G]uidelines . . . without regard to any statutory minimum sentence" if the court concludes at sentencing that the offense, *inter alia*, "did not result in death or serious bodily injury to any person," and that the "defendant has truthfully provided to the Government all information and

---

[1] Defendant indicates, and the Court notes, that the Sentencing Commission has proposed the addition of subsection (c) to USSG § 1B1.3, which concerns the relevant conduct that can be considered at sentencing. *See* Proposed Enactment of Subsection (c), USSG § 1B1.3. That proposed subsection would state: "Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." *Id.* However, that subsection will not go into effect until November 1, 2024, "absent contrary Congressional action." *Id.* In any event, even if that subsection were presently in effect, it would not apply, as Defendant was never acquitted of distribution of controlled substances resulting in death.

10

evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(3), (5). These factors are also set forth in USSG § 5C1.2(a). If a defendant meets the safety-valve criteria set forth in § 5C1.2, his base offense level for Guidelines purposes is deceased by two levels. *See* USSG § 2D1.2(b)(18).

A defendant has the burden of proving, by a preponderance of the evidence, that he is entitled to safety-valve relief. *See United States v. Bolka*, 355 F.3d 909, 912 (6th Cir. 2004). To do so, the defendant must show that he meets "each and every criterion." *United States v. Bazel*, 80 F.3d 1140, 1142 (6th Cir. 1996). Here, Defendant cannot do so. As an initial matter, by pleading guilty to the Superseding Information, Defendant did not face a statutory minimum sentence. Furthermore, by signing the plea agreement and pleading guilty, Defendant stipulated that his offense resulted in the death of J.N. Thus, Defendant's offense clearly resulted in death or seriously bodily injury to another person.

Moreover, Defendant did not provide truthful information to the government as required for the safety valve to apply. To satisfy the fifth criterion for application of the safety valve, a defendant must do more than "merely answer[] all questions posed by the government." *United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001). Instead, the provision "clearly require[s] an affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses." *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996).

Here, Defendant's PSR indicates that Defendant participated in proffer interviews with law enforcement and the United States Attorney's Office on November 2, 2021. *See* PSR, *United States v. Davis*, No. 1:21-cr-165 (W.D. Mich.) (ECF No. 86, PageID.453). However, "officials believed [Defendant] was providing untruthful information, and the interview was terminated." *Id.*

11

Defendant fails to provide any evidence suggesting that he truthfully provided all information he had concerning his offense.

For the reasons set forth above, Defendant fails to demonstrate that he qualified for relief under the safety valve, and so he cannot show that the Court erred by failing to provide such relief. Defendant, therefore, is not entitled to relief with respect to ground II.

In sum, the record before the Court supports a conclusion that all of Defendant's grounds for relief have been waived and are meritless. Accordingly, there is no need for the Court to conduct an evidentiary hearing, and Defendant's § 2255 motion (ECF No. 1) will be denied.

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a

full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV.   Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:   October 21, 2024                          /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge